UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MICHAEL
BLACKBURN,

          Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

_____/

Civil Action No.: 19-13375
Honorable Denise Page Hood
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 9, 10]**

Plaintiff Steven Michael Blackburn appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Blackburn's motion [ECF No. 9] be **DENIED**;
- the Commissioner's motion [ECF No. 10] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I.  **BACKGROUND**

A.  **Background and Disability Applications**

Blackburn was born on January 11, 1968, making him 48 years old on his alleged onset date of November 18, 2016. [ECF No. 7-2, PageID.43, 55]. He has past work as an insulator. [*Id.*, PageID.55]. He alleged disability because of a low back injury. [ECF No. 7-3, PageID.108].

After the Commissioner denied his disability application initially, Blackburn requested a hearing, which took place in September 2018, and during which he and a vocational expert (VE) testified. [ECF No. 7-2, PageID.62-106]. In an October 2018 written decision, the ALJ found Blackburn not disabled. [*Id.*, PageID.43-57]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Blackburn timely filed for judicial review. [*Id.*, PageID.29-31; ECF No. 1].

B.  **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Blackburn was not disabled. At the first step, he found that Blackburn had not engaged in substantial gainful activity since his alleged onset date.² [ECF No. 7-2, PageID.45]. At the second step, the ALJ found that Blackburn had the severe impairments of lumbar spine spondylosis and degenerative disc disease, post-laminectomy syndrome with lumbar radiculopathy, lumbar spine facet arthropathy, obesity, and depression. [*Id.*, PageID.45-46]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, PageID.46-47].

Between the third and fourth steps, the ALJ found that Blackburn had the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b), except:

> no climbing ladders, ropes or scaffolds. He can occasionally climb ramps or stairs. He can occasionally balance, stoop, crouch, kneel, and crawl. [He] should avoid concentrated use of hazardous moving machinery…[and] all exposure to unprotected heights. Work is limited to simple, routine and repetitive tasks; performed in a work environment free of fast-

---

² The ALJ considered the five-month period Blackburn worked between January and June 2018 an unsuccessful work attempt. [ECF No. 7-2, PageID.45].

4

> paced production requirements; involving only simple, work-related decisions; and with few, if any, workplace changes.

[*Id.*, PageID.48]. At the fourth step, the ALJ concluded that Blackburn could not perform his past relevant work as an insulator. [*Id.,* PageID.55]. After considering Blackburn's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that Blackburn could perform work as an office machine operator, a records clerk, and a hand packer (bench or workstation only), jobs which exist in significant numbers in the national economy. [*Id.*, PageID.56].

## II. ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining

5

whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Blackburn argues that the ALJ erred by discounting his treating physician's opinion, and by improperly evaluating his subjective complaints. The Court finds that the ALJ's decision is supported by substantial evidence and recommends that it be affirmed.

## B.

Blackburn argues that the ALJ erred in evaluating the July 2018 opinion of his treating orthopedic surgeon, Michael Donahue, D.O., about the limiting effects of the pain from his low back condition. The Court finds no error.

The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions about the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry*, 741 F.3d at 723, 727-29; *Rogers*, 486 F.3d at 242-43. "Even when not controlling, however, the ALJ must consider certain factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the

6

specialization of the physician; and any other relevant factors," and give appropriate weight to the opinion. *Gentry*, 741 F.3d at 723.

An ALJ who gives less than controlling weight to a treating physician's opinion must provide "good reasons" for doing so to "make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers*, 486 F.3d at 242 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)).  This procedural safeguard permits "meaningful appellate review" and ensures that claimants "understand the disposition of their cases." *Rogers*, 486 F.2d at 242-43 (internal quotation marks and citation omitted).

Dr. Donahue opined that Blackburn could sit, stand, or walk for less than 15 minutes at a time, and for less than one hour in an eight-hour workday.  [ECF No. 7-10, PageID.524].  He restricted Blackburn to lifting or carrying up to 5 pounds frequently and up to 10 pounds occasionally.  [*Id.*].  Dr. Donahue said that Blackburn should never climb, balance, or crawl, and only occasionally bend, crouch, or kneel.  [*Id.*]  He found that Blackburn required a job that permitted shifting positions from sitting to standing or walking at will.  [*Id.,* PageID.525].  Dr. Donahue restricted him from any overhead reaching, only occasional pushing and pulling, and frequent reaching, gripping, handling/fingering, and feeling.  [*Id.*].  Dr. Donahue's

7

opinion noted that Blackburn could tolerate exposure to heights, temperature extremes, and vibration occasionally, and that he would require 20-minute breaks every hour. [*Id.*]. Finally, he expected that Blackburn would experience good days and bad days, and would miss four or more days per month due to his condition. [*Id.*].

The ALJ gave this opinion little weight, finding that it was not supported by his treatment notes or consistent with the substantial evidence of record. [ECF No. 7-2, PageID.53]. The ALJ discussed Dr. Donahue's treatment records from Blackburn's March 2018 visit, the last time Dr. Donahue examined him before completing the medical source statement. Dr. Donahue noted that Blackburn was doing well with his return to work, avoiding lifting, twisting, and bending, and that, despite stiffness in the low back and hamstrings, his pre-surgery radiculopathy had resolved and his pain had improved greatly. [ECF No. 7-2, PageID.53; ECF No. 7-10, PageID.477]. The ALJ also highlighted Dr. Donahue's exam findings that Blackburn had good tone and no focal tenderness upon palpation, and 5/5 muscle strength in his iliopsoas, quadriceps, hamstring, anterior tib, EHL, and gastrocsoleus. [ECF No. 7-2, PageID.53; ECF No. 7-10, PageID.478].

In his reply brief, Blackburn appears to concede that the ALJ's decision not to afford Dr. Donahue's opinion controlling weight was appropriate. [ECF No. 11, PageID.613-614]. But he argues that the ALJ failed to provide good reasons for the little weight afforded to Dr. Donahue's opinion because the articulated reasons were not specific enough to enable meaningful review of the ALJ's decision. [*Id.*, PageID.617]. As Blackburn correctly points out, if the ALJ concludes that a treating source's medical opinion is not entitled to controlling weight, he must weigh the opinion after considering the length, nature, and extent of the treatment relationship, whether treating source is a specialist, the supportability of the opinion by the medical and laboratory findings, and the consistency of the opinion with the record as a whole. *See* 20 C.F.R. § 404.1527(c).

Blackburn argues that, despite noting that he expressly considered these factors, the ALJ only discussed the supportability and consistency factors, and thus failed to provide good reasons for assigning Dr. Donahue's opinion little weight. [ECF No. 11, PageID.616-617]. But "[t]he ALJ need not perform an exhaustive, step-by-step analysis of each factor." *Biestek v. Comm'r of Soc. Sec.,* 880 F.3d 778, 785 (6th Cir. 2017), *aff'd sub nom. Biestek v. Berryhill*, 139 S. Ct. 1148 (2019). Although the ALJ

9

must give good reasons for the weight given to the treating source's opinion, and those reasons must be sufficiently specific, he can satisfy the good-reason "requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record." *Stewart v. Comm'r of Soc. Sec.,* 811 F. App'x 349, 352 (6th Cir. 2020) (quoting *Coldiron v. Comm'r of Soc. Sec.,* 391 F. App'x 435, 440 (6th Cir. 2010) (internal quotation marks omitted)).

As noted above, and as the ALJ discussed, Dr. Donahue's treatment records—which detailed the resolution of Blackburn's radiculopathy, great improvement in his pain-level, no focal tenderness, good tone, and full strength in the lower extremities—did not support the significant limitations contained in the medical source statement. [ECF No. 7-2, PageID.53; ECF No. 7-10, PageID.478]. Blackburn did experience a new onset of low back pain after he returned to work, and the physician assistant from Dr. Donahue's office recommended physical therapy and diagnostic imaging, which showed mild worsening of spinal stenosis at L1-L2. [ECF No. 7-2, PageID.51, 54]. The ALJ considered this evidence in determining the severity of Blackburn's impairments and the effects they had on his ability to function. [*Id.*] That "record, alone, does not change the fact that substantial evidence also supports the conclusion reached by the ALJ.

10

[The Court's] task is not to reweigh the evidence." *Wilde v. Comm'r of Soc. Sec.*, 5:19-CV-11401, 2020 WL 5665653, at *5 (E.D. Mich. Sept. 2, 2020), *adopted*, 2020 WL 5653366 (E.D. Mich. Sept. 23, 2020) (internal quotations and citations omitted).

The ALJ's discussion of the consistency factor also satisfies the good reasons requirement for discounting Dr. Donahue's opinion. The ALJ noted that Blackburn's described daily activities were not limited as much as one would expect, given the complaints of disabling symptoms and limitations. [ECF No. 7-2, PageID.52]. He cited Blackburn's testimony reflecting "no problems with performing personal care tasks (e.g., bathing, dressing grooming, etc.)"; preparing "his own simple (microwave, cereal, sandwiches) meals"; doing "light household chores including dusting, vacuuming and laundry (one load a week)"; and continuing to mow his lawn over two-day periods, and whack his weeds . [*Id.*]. The ALJ also noted that Blackburn "drives, shops for groceries (accompanied by wife), cares for his pet dog, engages in woodworking, [and] dines out twice a month." [*Id.*].

The ALJ pointed to Blackburn's drives to his cottage in central Michigan, taking up to three-hours, as contradicting limitations preventing all work. [*Id.*]. Blackburn testified at the hearing that he shared the driving

11

with his wife, but that they stopped only two or three times during the trip. [*Id.*, PageID.84]. This testimony undercuts Dr. Donahue's opinion that Blackburn could sit only for less than 15 minutes at a time and for no more than one hour in an eight-hour period. [ECF No. 7-10, PageID.524]; *see Biestek*, 880 F.3d at 786 (noting that courts may consider evidence in the record not mentioned by the ALJ that supports the ALJ's decision). The Court finds that the ALJ satisfied the good-reasons requirement and thus did not err in affording Dr. Donahue's opinion little weight.

## C.

Blackburn also objects to the ALJ's subjective symptom evaluation. Under Social Security Ruling (SSR) 16-3p, when determining whether a claimant is disabled, the ALJ must consider not only the claimant's "symptoms, including pain," but also "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." 2016 WL 1119029, at *1. An ALJ's subjective symptom evaluation should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).[3] At the same

---

[3] SSR 16-3p eliminated use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character." *Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), *adopted*, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018). Despite the linguistic clarification,

time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241.

Here, the ALJ found that although his impairments could reasonably cause the alleged symptoms, Blackburn's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record..." [ECF No. 7-2, PageID.49]. The ALJ reasoned that Blackburn's claims that he could not perform work conflicted with his reported daily activities, including shopping, light household chores (dusting, vacuuming, laundry), yard work including weeding and mowing the lawn, caring for his pet, and long-distance drives. [*Id.*, PageID.52].

The ALJ also noted that the objective medical evidence and treatment records during the relevant period did not support his allegations of disabling symptoms. As discussed throughout this report, the ALJ referenced Dr. Donahue's treatment records, which revealed that much of Blackburn's symptomology resolved after his June 2017 surgery. [*Id.*, PageID.53].

---

courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018).

Finally, the ALJ noted that Blackburn chose to manage his symptoms with over-the-counter medication and prescribed Celebrex, rather than follow-up on recommendations to renew prescriptions for medication from a pain-management specialist. [*Id.*, PageID.52]. The ALJ properly considered the conservative nature of Blackburn's treatment in evaluating the intensity, persistence and limiting effects of his symptoms. *See Bentley v. Comm'r of Soc.Sec.*, 23 F. App'x 434, 435-36 (6th Cir. 2001); SSR 16-3p, 2016 WL 1119029, at *1. The Court finds no compelling reason to disturb the ALJ's subjective symptom assessment.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Blackburn's motion for summary judgment be [ECF No. 9] be **DENIED**; that the Commissioner's motion [ECF No. 10] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

Dated: January 26, 2021

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

14

findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2021.

                                       s/Marlena Williams
                                       MARLENA WILLIAMS
                                       Case Manager