UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MICHAEL BLACKBURN,

      Plaintiff,               Civil Action No. 2:19-cv-13375

v.                              Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION and REMANDING THE MATTER TO THE COMMISSIONER

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation. **[ECF No. 12]** Timely objections and a response to the objections were filed. **[ECF Nos. 13 and 14]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review

1

of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that, although the Magistrate Judge reached the correct conclusion on several issues, there is one issue that requires remand of this action to the Commissioner. The Court notes that Plaintiff filed two objections. Plaintiff contends that the Magistrate Judge was wrong for concluding that the ALJ did not err in his evaluation of: (1) the treating orthopedic surgeon, Michael Donahue, D.O.; and (2) Plaintiff's subjective symptoms, including her deference to the ALJ's credibility finding, when there was a compelling reason to disturb that evaluation. The Court agrees with the latter contention.

With respect to Plaintiff's first objection, Plaintiff contends that the ALJ did not give "good reasons" for the little weight he gave to Dr. Donahue's opinion. The Magistrate Judge concluded that the ALJ did not err when the ALJ assigned Dr. Donahue's opinion little weight after finding Dr. Donahue's treatment notes

did not support his opinion, nor was his opinion consistent with the substantial evidence of record. ECF No. 12, PageID.627.   The Court concurs with the Magistrate Judge, even though the ALJ did not "perform an exhaustive, step-by-step analysis of each factor. ECF No. 12, PageID.638 (citation omitted).

Plaintiff argues that the facts upon which the ALJ relied were limited and the ALJ did not look at the record as a whole (as required by the rules and regulations) when he did not give controlling or much weight to Dr. Donahue.  Plaintiff states:

> While the Magistrate Judge claims that the ALJ effectively considered these regulatory factors, there is no suggestion as to how he did so. For example, there is no discussion in the ALJ's decision as to the length or nature of Dr. Donahue's treatment relationship with Mr. Blackburn. While the ALJ clearly recognized that Dr. Donahue is an orthopedic surgeon, he did not provide any analysis as to how this factor affected the weight he gave to Dr. Donahue's opinion. See ECF No. 9, PageID.579.

ECF No. 13, PageID.640.  The Court finds that the record does not support this argument.   The ALJ provided "good reasons" and his analysis of the opinion evidence was sufficiently specific.

The ALJ recognized that Dr. Donahue was an orthopedic surgeon and identified the surgery Dr. Donahue performed on Plaintiff, as well as Plaintiff's follow-up appointments. *See* ECF No. 7-2, PageID.50-51. The ALJ specifically stated why he did not give Dr. Donahue's opinion as a whole much weight:

> Little weight is afforded to Dr. Donahue opinion because it is not supported by his treatment notes or consistent with the substantial evidence of record.  <u>I have considered the length of treatment, relationship and frequency of examinations, the nature and extent of the treatment relationship, specialization, supportability and consistency, with the evidence of record.</u> . . . For example, Dr. Donahue's last treatment note[] dated March 2018 (9 months status post posterior lumbar decompression instrumented fusion L2 to L5) reflect that the claimant "is doing well as a fabricator is avoiding, lifting, testing or ending. . . . His pre-surgical radiculopathy has resolved his back pain is improved greatly" (Exhibit 6F/22). Furthermore, on physical examination the claimant surgical incision was well-healed with minimal tenderness over the low back.  The claimant ambulated with non-antalgic gait.  There was tightness of the hamstrings bilaterally but the bilateral lower extremities demonstrated passive motion of the hip, knee, foot and ankle to be intact and stable. Palpation demonstrated good tone without focal tenderness.  Muscle strength was 5/5 in the iliopsoas quadriceps hamstring anterior tib EHL and gastroesoleus.   Sensation was normal and symmetric bilaterally (<u>Id.</u> at 23).

ECF No. 7-2, PageID.53-54 (emphasis added).  The ALJ didn't simply discard Dr. Donahue's opinion.  The ALJ actually afforded Dr. Donahue "significant weight" where his opinion was supported by the record. *See* ECF No. 7-2, PageID.54 ("However, in a March 2018 treatment note, Dr. Donahue opined that the claimant should not lift anything heavy (Exhibit 6F).  Significant weight is afforded to Dr. Donahue lifting restriction because it is supported by his treatment notes and consistent with the evidence of record reflecting stability status post posterior lumbar decompression instrumented fusion L2 to L5.").

4

For these reasons, the Court concludes that Plaintiff's first objection lacks merit.

As to Plaintiff's second objection, the Court must, and does, give deference to the ALJ's findings regarding Plaintiff's subjective complaints. *See, e.g., Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citation omitted) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying. . . . Therefore, we are limited to evaluating whether or not the ALJ's explanations for partially discrediting Ms. Jones are reasonable and supported by substantial evidence in the record"); *Hardaway*, 823 F.2d at 928 (the credibility findings of an ALJ must not be discarded lightly and should be accorded great deference); *Garner,* 745 F.2d at 397 (the district court may not resolve conflicts in the evidence nor decide questions of credibility).   The provisions of SSR 16-3p do not impact the deference that the Court is to give the ALJ's evaluation.[1]   For the following reasons, however, the

---

[1] As stated by the Magistrate Judge:

> SSR 16-3p eliminated use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character." *Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), adopted, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018). Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at

Court concludes that the ALJ's basis for discrediting Plaintiff's ability to conduct daily activities and incorporate such limitations in the residual functional capacity was not reasonable and supported by substantial evidence in the record.

Plaintiff contends that the ALJ's subjective symptom evaluation should be rejected for the compelling reason that the ALJ improperly relied on various activities to find that Plaintiff was less limited than Plaintiff or his doctor described.  Plaintiff contends that the ALJ overstated Plaintiff's capacity to engage in those daily activities, especially as Plaintiff could not perform such activities at a normal or sustained level.  The Court finds that Plaintiff's argument regarding the ALJ's consideration of his daily activities has merit.

As the Government argues, the ALJ clearly took those activities into consideration, noting that Plaintiff could prepare simple meals (microwave, cereal, sandwiches), do light household chores such as laundry, performing yard work, driving, shopping for groceries with his wife, and caring for his dog, and travel 2 ½ to 3 hours to a cottage he owned. *See* ECF No. 7-2, PageID.52.   As the Sixth Circuit has held, however, activities of daily living are relevant only insomuch as they document an ability to perform activities on a sustained basis. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377-78 (6th Cir. 2013). It is improper to rely

---

\*7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at \*6 (S.D. Ohio Sept. 18, 2018).

ECF No. 12, PageID.631-32 at n.3.

on daily activities when these can be done at the claimant's own pace and done intermittently. *Hunter v. Comm'r of Soc. Sec.*, 2006 W.L. 2092411 (E.D. Mich. 2006). The Sixth Circuit long ago stated, "The fact that appellant can still perform simple functions, such as driving, grocery shopping, dish washing and floor sweeping, does not necessarily indicate that [the claimant] possesses an ability to engage in substantial gainful activity. Such activity is intermittent and not continuous, and is done in spite of the pain suffered by appellant." *Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir. 1967). The Court finds that the ALJ failed to consider Plaintiff's daily activities, especially when determining Plaintiff's residual functional capacity, with such parameters in mind.

Like the Plaintiff, the Court finds that the ALJ erred in the manner of assessing Plaintiff's daily activities. The ALJ's conclusion that Plaintiff's "alleged symptoms and limitations may have been overstated" and "may not have been as serious as he alleged" do not find support in the record. As Plaintiff argues, (1) his ability to sit in a car seat that can recline to different angles is not indicative of his ability to sit in a basic task chair, and (2) the fact that he can make simple meals that require little effort or time does not reflect an ability to perform any task for more than a few minutes. The Court further notes that Plaintiff expressed that he had limitations associated with many activities, and many of those daily activities

took much longer for him to complete than they had in the past or are normal with respect to conducting such activities.  Those activities were identified by the ALJ – as were Plaintiff's clarifications regarding his limitations and extended time necessary for completion, yet there is nothing in the record to suggest the ALJ believed Plaintiff was not sincere regarding those limitations and delays.  Instead, the ALJ simply concluded that Plaintiff's subjective symptoms and limitations "may have been overstated."

The Court agrees that Plaintiff's completion of the daily activities identified, particularly when performed in the manner(s) described by Plaintiff, do not reasonably support the conclusions that: (a) Plaintiff overstated his symptoms, or (b) Plaintiff's limitations were not as serious as Plaintiff has alleged. The Court finds that Plaintiff's daily activities simply do not require the same level of sustained effort – or dedicated ability to sit, stand, and walk – as gainful activity would.  For that reason, without assessing whether Plaintiff's limitations establish the inability to engage in gainful employment, the Court finds that Plaintiff's limitations are not sufficiently reflected in the residual functional capacity considerations of the ALJ.

For the reasons set forth above, the Court concludes that the ALJ did not properly consider the limited capacity of Plaintiff to perform normal daily

activities. The Court also finds that the ALJ erred in assessing Plaintiff's limitations and incorporating those limitations when determining Plaintiff's residual functional capacity. The ALJ's decision is reversed and the Court remands this matter to the Commissioner to evaluate Plaintiff's claim – and to properly establish his residual functional capacity – in light of Plaintiff's limited capacity to engage in daily activities.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Elizabeth A. Stafford **[ECF No. 12, filed January 26, 2021]** is **ACCEPTED** and **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[ECF No. 13, filed February 9, 2021]** are **OVERRULED IN PART** and **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[ECF No. 9, filed March 2, 2020]** is **GRANTED IN PART**; specifically, Plaintiff's Motion for Summary Judgment is granted insofar as he seeks a remand of this action to the Commissioner but denied insofar as he seeks a judgment in his favor.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[ECF No. 10, filed March 23, 2020]** is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** back to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for consideration and discussion of Plaintiff's claim – and to properly establish his residual functional capacity – in light of Plaintiff's limited capacity to engage in daily activities, consistent with the analysis set forth in this Order.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: March 18, 2021

10