UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MICHAEL BLACKBURN,

      Plaintiff,                   Civil Action No. 2:19-cv-13375

v.                               Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO
ALTER OR AMEND JUDGMENT UNDER RULE 59(e) [ECF No. 17]**

On March 18, 2021, the Court entered an Order Adopting in Part the Magistrate Judge's Report and Recommendation (the "Order"). ECF No. 15.  In the Order, the Court stated:

> [T]he Court concludes that the ALJ did not properly consider the limited capacity of Plaintiff to perform normal daily activities. The Court also finds that the ALJ erred in assessing Plaintiff's limitations and incorporating those limitations when determining Plaintiff's residual functional capacity.  The ALJ's decision is reversed and the Court remands this matter to the Commissioner to evaluate Plaintiff's claim – and to properly establish his residual functional capacity – in light of Plaintiff's limited capacity to engage in daily activities.

ECF No. 15, PageID.663-64.

Defendant filed a timely Motion to Alter or Amend Judgment under Rule 59(e).  For the reasons that follow, Defendant's Motion is denied.

As Defendant notes, a motion under Rule 59(e) is a recognized means for a court to correct "a manifest error of law." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Defendant contends that the Order rests on a manifest error of law because it departs from Sixth Circuit authority and creates a split of authority within the district on a frequently recurring issue.  Defendant believes that the Court "overextend[ed] the authority on which it relies." ECF No. 17, PageID.671. Defendant claims the Order is likely to cause confusion and disparate results in future cases.

Defendant (and the ALJ) determined that Plaintiff's daily activities are "reasonably inconsistent with his alleged limitations to lifting, standing, walking, and sitting." *Id.* at PageID.675.  Defendant argues that the Court's conclusion that the ALJ placed undue weight on Plaintiff's ability to engage in daily activities is inconsistent with Social Security regulations and rulings and authority from the Sixth Circuit and courts in this district. Citing 20 C.F.R. § 404.1529(c)(3)(i); Social Security Ruling (SSR) 16-3p, 2017 WL 5180304 (Oct. 25, 2017); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997); *Wilkinson v. Comm'r of Soc. Sec.*, No. 18- 13728, 2019 WL 7838630, at *15 (E.D. Mich. No. 14, 2019), *R. & R. adopted*, 2020 WL 358713 (Jan. 22, 2020).

Defendant sets forth extensive argument about the holdings of various Sixth Circuit cases, including *Walston v. Gardner*, 381 F.2d 580 (6th Cir. 1967);

*Gayheart v. Commissioner of Social Security*, 710 F.3d 365 (6th Cir. 2013); *Walters*, 127 F.3d at 532; *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).   Defendant suggests that this case is unlike those the Court relied upon (especially *Walston* and *Gayheart*) and "inconsistent with binding Sixth Circuit authority [*Walters* and *Blacha*] that even sporadic and relatively simple activities may be cited by an ALJ as being inconsistent with—and therefore a reason to discount—a claimant's subjective complaints and thus support a less restrictive residual functional capacity." ECF No. 17, PageID.670.

Defendant also points to another Eastern District of Michigan case, *Sanders v. Comm'r of Soc. Sec.*, No. 19-12475, 2020 WL 6390505, at *11 (E.D. Mich. July 22, 2020), *R. & R. adopted*, 2020 WL 5761025 (E.D. Mich. Sept. 25, 2020), where the court reached a different conclusion involving similar facts than this Court did in the instant case. Citing also *Barnhill v. Comm'r of Soc. Sec.*, No. 15-14440, 2016 WL 11260301, at *7 (E.D. Mich. Nov. 30, 2016), *R. & R. adopted*, 2017 WL 541150 (E.D. Mich. Feb. 10, 2017).

The Court respectfully disagrees with Defendant's contentions.  First, the instant case is factually different from the other cases and, although other district courts may have disagreed with Plaintiff's (and the Court's) reading of *Gayheart* and *Walston* (and *Hunter v. Commissioner of Social Security*, No. 05-10213-BC, 2006 WL 2092411 (E.D. Mich. July 21, 2006), *see Sanders, supra*, this Court is

3

not bound by that district court's decision.  Second, the Court notes that *Gayheart* and *Walston* remain good law by which this Court is bound.  Third, it is the duty and obligation of the undersigned to independently evaluate the facts of the matter presently before the court, not to simply adopt or agree with the decisions of another district court or, with respect to facts, even the Sixth Circuit.

Fourth, the Court believes its interpretation and application of the facts in this case, even if they are an extension of *Gayheart* and *Walston*, are a natural extension of, and are not inconsistent with, the rules established in those cases.  As the Court previously stated, "activities of daily living are relevant only insomuch as they document an ability to perform activities on a sustained basis. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377-78 (6th Cir. 2013)." ECF No. 15, PageID.661.

In this case, the Court finds that there is not substantial evidence upon which the ALJ (or Defendant) have established that Plaintiff's activities of daily living document an ability to perform work on a sustained basis.  This is true even if, as Defendant argues, some of Plaintiff's daily activities are "reasonably inconsistent with his allegation that he can stand for only five or ten minutes at a time, (ECF No. 7-2, PageID.72), and further inconsistent with the notion that he cannot 'perform any task for more than a few minutes.' (*Contra* ECF No. 15, PageID.662)." *See* ECF No. 17, PageID 676.  Simply because Plaintiff can perform

4

some activities longer than Plaintiff alleged (or more than a few minutes) does not establish that he is not disabled or that he had the residual functional capacity to perform light work, including as an office machine operator, a records clerk, or a hand packer (bench or workstation only).  For that reason, the Court again believes that remanding this matter to the ALJ to evaluate and properly establish Plaintiff's residual functional capacity in light of his limited capacity to engage in daily activities is the appropriate remedy.

In doing so, the Court does not believe that it has ignored or contravened controlling Sixth Circuit precedent, nor created an intra-district split of authority that will create confusion and disparate results.  The Court's ruling will simply be another case which parties can utilize in favor of their position – or attempt to differentiate their case – just like the many other cases that address the issue before the Court.

Finally, the Court disagrees with Defendant's contention that, "even if the ALJ erred in considering Plaintiff's daily activities, any such error was harmless in light of the substantial evidence otherwise supporting the subjective symptom evaluation and residual functional capacity assessment." ECF No. 17, PageID.671.  If Plaintiff could not perform in the manner proposed to the vocational expert, whether it was because he would need unscheduled breaks away from a work

station, was off-task for extended periods, or would need to miss work for more than two days per month, he could not work in the positions described by the vocational expert. *See* ECF No. 7-2, PageID.100-02. The Court finds that, without an application of whether Plaintiff's daily activities would translate into the ability to have the residual functional capacity to perform the duties of the positions discussed, there was no harmless error.

Accordingly, for the reasons stated, the Court is not persuaded by Defendant's arguments in support of the motion to alter or amend judgment and,

IT IS ORDERED that Defendant's Motion to Alter or Amend Judgment Under Rule 59(e) is DENIED.

IT IS ORDERED.

s/Denise Page Hood
DATED: February 28, 2022                United States District Judge